ing from them to the defendant, for the right to commissions, as now claimed, would, upon his death, undoubtedly go to his legal representatives."

[2] The court erred in the admission of plaintiff's Exhibit 4, which was a letter containing an unverified declaration of a third party, and as such it was not binding upon the defendant. Rothchild v. Schwarz, 28 Misc. Rep. 521, 59 N. Y. Supp. 527; O'Brien v. Gallagher, 26 Misc. Rep. 838, 57 N. Y. Supp. 250. On a new trial it is possible that the plaintiff may be able to show that he procured two of the four orders prior to the termination of the contract, as alleged in his complaint.

The judgment, therefore, is reversed, and a new trial ordered; costs to the appellant to abide the event. All concur.

———————

VULCAN ASBESTOS MFG. CO. v. FLATOW.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. COURTS (§ 190*)—DECISIONS REVIEWABLE—MUNICIPAL COURTS—DEFAULT JUDGMENT.
     No appeal lies from a default judgment rendered in a Municipal Court.
     [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

2. COURTS (§ 189*)—TROVER AND CONVERSION (§ 7*)—MUNICIPAL COURTS—DEFAULT JUDGMENT—MODIFICATION.
     That a seller of a machine mistakenly told the purchaser, on inspection of the machine, that a necessary adjunct thereof was in a box alongside the machine, but the purchaser never received it, whereupon the purchaser undertook to rescind the sale, did not authorize a judgment against the seller for a conversion, and a default judgment in the Municipal Court authorizing the arrest of the seller would be set aside, unless the erroneous portion was stricken.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189;* Trover and Conversion, Cent. Dig. §§ 51-57; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Vulcan Asbestos Manufacturing Company against Leo Flatow. From a judgment rendered in the Municipal Court by default, and from an order denying a motion to open the default, defendant appeals. Appeal from judgment dismissed, and motion to open default granted, and new trial ordered, unless plaintiff consents to modification of judgment.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

John McLaren, of New York City, for appellant.
Joseph Folliard Perdue, of New York City, for respondent.

COHALAN, J. [1, 2] The appeal from the judgment must be dismissed, as no appeal lies from a default judgment. The judgment herein was taken and entered as for a conversion, and, as rendered, the defendant is liable to arrest and imprisonment. The motion to open

the default is based upon the testimony taken upon the inquest, as well as upon affidavits. The default was opened upon terms, which the court below had a right to impose, and with which the defendant failed to comply. The facts set forth in the papers used on the motion to open the default and the testimony taken upon the inquest failed to show anything other than a mere breach of contract on the part of defendant, and utterly failed to constitute a conversion. The defendant advertised a second-hand lathe for sale. The plaintiff's president, Mr. Blank, opened a correspondence with the defendant with a view to its purchase. Blank and the defendant subsequently examined the lathe on an East River pier, and Blank agreed to purchase it at a price of $125. Blank then asked defendant about a portion of the lathe called a "chuck," and the defendant informed him that it was in a box alongside the lathe. It does not appear that either party knew that the chuck was not in the box. Blank paid the purchase price, the lathe was shipped to and received by the plaintiff, and it was in its factory when the action was tried. It was ascertained subsequently that the chuck was missing, and that the lathe could not be used without one. The plaintiff thereupon wrote several letters to the defendant, asking him to supply the missing part. The defendant claims that about ten days after the lathe was sold he gave an order to a manufacturing company to send a chuck to plaintiff and that one had been shipped. The plaintiff denied receiving it. It finally notified the defendant that it refused to keep the lathe, and it would hold it subject to the defendant's order.

A chuck has no greater value than $7. There are none of the elements of a conversion shown in these facts. There is not the slightest evidence of fraud on the part of the defendant. Blank, for all that appears, could easily have ascertained at the time the lathe was bought whether or not the chuck was missing, and although the plaintiff had a right to rely upon the defendant's statement that the lathe was perfect in all its parts, could have refused to accept it when it was ascertained that an essential part was missing, thus rendering the defendant liable for the amount of the purchase price, yet there is nothing whatever in the record upon which to predicate a judgment for conversion. The judgment was properly rendered as a money judgment, and the default should be opened without terms, unless the plaintiff shall stipulate that the judgment be amended by striking therefrom that portion which authorizes the arrest and imprisonment of the defendant.

Order denying motion to open default reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff will stipulate, in writing, within five days, that the judgment may be modified by striking therefrom the provision authorizing the arrest and imprisonment of the defendant. If such stipulation is filed, no costs of this appeal will be given to either party. All concur.